## Ashley Borough School District's Petition.

*Common schools — Exemptions — Employment certificate — Continuation schools—State School Superintendent—Powers—Domestic and farm work.*

1. The State Superintendent of Public Instruction may, under section 1416 of the School Code, as amended by the Act of May 20, 1921, P. L. 1034, prescribe that every boy and girl between fourteen and sixteen, employed on a general employment certificate or exemption permit, must attend continuation school at least eight hours per week between 8 and 5 o'clock, and that night school attendance cannot be accepted in substitution.

2. Such regulation, while not expressly permitted by statute, is not expressly forbidden, and should be tested within limits of reasonable discretion.

Petition and answer. Proceedings to determine power of school board to require attendance at continuation school. C. P. Luzerne Co., Dec. T., 1926, No. 3.

C. E. Keck, for petitioner; Robert Doran and F. P. Slattery, contra.

FULLER, P. J.—The petitioner is the Ashley Borough School District, seeking advice on the validity of a certain "regulation" prescribed by the State Superintendent of Public Instruction, to wit: That children between the ages of fourteen and sixteen years engaged in farm work, or domestic service in a private home, on a permit issued by the school board or authorized school official, shall attend what is known as continuation school at least eight hours one day each week.

The respondents who answer the petition, employers of such a child in farm work, disregard the regulation, and are also in court on a criminal charge submitted to us with the present petition.

The case has been accompanied with considerable detail of circumstance concerning the particular child, but the precise general question is quite simple, as concisely above stated.

The petitioner relies upon section 1416 of the School Code of May 18, 1911, P. L. 309, as amended by the Act of May 20, 1921, § 1, P. L. 1034, viz.: "The provisions of this act requiring regular attendance shall not apply to any child between the ages of fourteen and sixteen years who has completed a course of study equivalent to six yearly grades of the public school and is regularly engaged in any useful and lawful employment or service during the time the public schools are in session and who holds an employment certificate issued according to law, nor shall the said provisions apply to any child between the ages of fourteen and sixteen years engaged in farm work or domestic service in a private home on a permit issued by the school board or the designated school official of the school district of the child's residence in accordance with regulations which the Superintendent of Public Instruction is hereby authorized to prescribe."

Under this section, the State Superintendent has prescribed the following regulation, whose validity is now attacked: "Every boy or girl between the ages of fourteen and sixteen years who is employed upon a general employment certificate or an exemption permit must attend a continuation school at least eight hours a week on any week-days, except Saturdays, between the hours of 8 A. M. and 5 P. M. Night school attendance cannot be accepted in lieu of attendance at continuation school."

The child in this case had received an exemption permit, permitting on its face permanent absence from school, but this permit had been revoked on advice from the State Superintendent that it ignored the regulation.

Respondent relies upon the exemptive provision of the Child Labor Act of May 13, 1915, P. L. 286, which act, in section 3, established the requirement

of attending continuation school thus: "It shall be unlawful for any person to employ any minor between fourteen and sixteen years of age, unless such minor shall, during the period of such employment, attend, for a period or periods, equivalent to not less than eight hours each week, a school approved by the State Superintendent of Public Instruction;" but, in section 1, expressly provided "that this act shall not apply to children employed on the farm or in domestic service in private homes."

In its final analysis, therefore, the question at issue really resolves itself into this: May the State Superintendent of Public Instruction, under section 1416, *supra*, prescribe a regulation of this character independent of statute on the subject?

We confess our dislike for continuation school. It obstructs opportunity of the child to obtain decently remunerative employment. It has little or no educational value. It might well be omitted from the "regulations."

But the matter is governed by the discretion of the State Superintendent and not of the court.

The regulation, while not expressly permitted by statute, is not expressly forbidden, and should be tested by the exercise of reasonable discretion. We cannot pronounce it unreasonable, although we do not regard it desirable.

Hence, we declare as a matter of law that the regulation should be sustained.

The criminal charge is dismissed at the cost of the county because all the parties concerned were acting in good faith and were quite excusable under the circumstances.